UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE CHURCH OF JESUS CHRIST,

    Plaintiff,                                   Hon. Janet T. Neff

v.                                           Case No. 1:14-CV-163

THE UNITED STATES
FEDERAL GOVERNMENT,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss. (Dkt. #4). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted and this matter terminated**.

## BACKGROUND

Roger Dale Wilson initiated the present action, "on behalf of The Church of Jesus Christ," against "The United States Federal Government." Wilson alleges that legalized abortion, because it disproportionately impacts adherents of the Christian faith, violates the "jurisdictional line of separation between church and state provided by the First Amendment." Wilson further argues that the United States Supreme Court "neither had, nor has jurisdiction to establish law regarding any issue" including, presumably, abortion and reproductive rights. Wilson requests more than 100 billion dollars in damages. Defendant United States now moves to dismiss Plaintiff's complaint.

**I.       Immunity**

The present action is asserted against the United States.  More specifically, Wilson appears to be challenging various acts and decisions undertaken by unidentified legislators and judges concerning the subject of abortion.  As is well understood, "the United States may not be sued without its consent and. . .the existence of consent is a prerequisite for jurisdiction." *Muniz-Muniz v. United States Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013).  A waiver of this sovereign immunity "may not be implied and exists only when Congress has expressly waived immunity by statute." *Id.*  Plaintiff has identified no authority supporting the proposition that the United States has waived its sovereign immunity over the type of claim presently asserted.  This immunity likewise extends to protect legislators and judicial officers for actions undertaken in their official capacity. *See Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 820 (6th Cir. 2007).

**II.      Failure to State a Claim**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  If the complaint simply pleads facts that

are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*  As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Plaintiff's largely incomprehensible complaint simply fails to state a claim upon which relief may be granted.  The thrust of Wilson's complaint is his disagreement with the United States Supreme Court and its recognition that abortion, at least in certain circumstances, is legal under the United States Constitution.  This Court, however, lacks the jurisdiction or authority to overturn or modify a decision of the United States Supreme Court.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss, (dkt. #4), be **granted and this matter terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

          Respectfully submitted,

Date: November 12, 2014         /s/ Ellen S. Carmody
         ELLEN S. CARMODY
         United States Magistrate Judge