UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE CHURCH OF JESUS CHRIST,

    Plaintiff,

v

THE UNITED STATES FEDERAL
GOVERNMENT,

    Defendant.
_____/

Case No. 1:14-cv-163

HON. JANET T. NEFF

**OPINION AND ORDER**

    This is a pro se civil rights action filed pursuant to 42 U.S.C. § 1983 alleging that legalized abortion violates the First Amendment. Defendant filed a motion to dismiss for lack of jurisdiction and failure to state a claim on which relief can be granted (Dkt 4). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant Defendant's motion (Dkt 9). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Dkt 10) as well as Plaintiff's motion for recusal (Dkt 11). The Court denies the motion for recusal, denies the objections, and issues this Opinion and Order.

**I**

    Before turning to the substantive issues in this matter, the Court must first address Plaintiff's motion for recusal. Plaintiff provides numerous conclusory allegations of judicial bias and prejudice, but he cites no legal authority for disqualification. Two statutory provisions govern motions to recuse: 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before

whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. Plaintiff has not filed such an affidavit, and therefore cannot seek recusal under the authority of § 144.

28 U.S.C. § 455 provides, in pertinent part, that a judge or magistrate judge shall disqualify herself "[w]here [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). "In order to justify recusal under 28 U.S.C. § 455, the judge's prejudice or bias must be personal or extrajudicial. Personal bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Bosley v. 21 WFMJ Television, Inc.*, 245 F. App'x 445, 453 (6th Cir. 2007) (quoting *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005)). Recusal under § 455 is required "only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is objective and is not based on the subjective view of a party." *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989) (internal citations and quotation marks omitted) (opining that "[t]he law with regard to recusal under section 455 is straightforward and well-established in the Sixth Circuit"). "[H]ence, the judge need not recuse himself based on the 'subjective view of a party,' no matter how strongly that view is held." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990).

As grounds for recusal, Plaintiff cites this Court's alleged "anti-Christian, pro-abortion, pro-gay marriage stance[]" and references unidentified and unverified sources claiming this Court does not read parties' briefs. Plaintiff has offered nothing more than conclusory allegations about this Court's biases and his own subjective view that this Court will be prejudiced against him. Recusal

is not justified under § 455 because a reasonable person, with knowledge of all the facts, would not conclude that the impartiality of this Court might reasonably be questioned. Therefore, this Court, in its discretion, denies Plaintiff's motion for recusal.

## II

Next, in accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. Plaintiff first objects to the Magistrate Judge's determination that Defendant is entitled to immunity. Plaintiff argues that "the protection of the Constitutional rights of a religion supercedes any made up rule of sovereign immunity of which the Constitution grants nor implies" (Objs., Dkt 10 at 1-2). However, Plaintiff cites no authority in support of his argument, again relying on nothing more than conclusory statements and his own opinion to support his argument. Because Plaintiff identifies no legal error in the Magistrate Judge's immunity analysis, Plaintiff's first objection is denied.

In his second objection, Plaintiff argues that the Magistrate Judge erred in recommending that his case be dismissed for failure to state a claim on which relief can be granted. Specifically, Plaintiff claims that he has presented sufficient factual matter to state a claim because it is a "factual reality that the defendant made a law (thru Roe v Wade) that permitted the murder of 56 million unborn babies" (Objs., Dkt 10 at 2). Even assuming the accuracy of the statistical data Plaintiff references, Plaintiff's assertions do not demonstrate any error in the Magistrate Judge's determination that this Court simply lacks the authority to overturn or even modify a decision of the United States Supreme Court. "Decisions of the United States Supreme Court rendered by written

opinions are binding on all courts, state and federal. The Court's holding is stare decisis and cannot be overruled except by the Court itself." *Jordon v. Gilligan*, 500 F.2d 701, 707 (6th Cir. 1974).

Accordingly, this Court denies the objections and adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Further, a Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Recusal (Dkt 11) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Objections (Dkt 10) are DENIED, and the Report and Recommendation (Dkt 9) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Dkt 4) is GRANTED for the reasons stated in the Report and Recommendation.

Dated: February  26, 2015         /s/ Janet T. Neff
                                  JANET T. NEFF
                                  United States District Judge